UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LI PENG,

Petitioner,

v.

JULIO HERNANDEZ, ET AL.,

Respondents.

Case No. C26-4208-SKV

ORDER DISMISSING HABEAS PETITION AS MOOT

Petitioner, proceeding with counsel, initiated this 28 U.S.C. § 2241 immigration habeas action on October 30, 2026, seeking release from custody. Dkt. 1. In a return filed on November 13, 2026, Respondents noted that Petitioner had been released from custody on November 12, 2026, and requested the petition be dismissed as moot. Dkt. 6. On November 20, 2026, Petitioner filed a request asking that the petition be dismissed as moot and without prejudice. Dkt. 8.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or

deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, because Petitioner's federal habeas petition sought only release from detention, her claims have been fully resolved and there is no collateral consequence that could be redressed by the Court. *See id*. The Court, accordingly, DISMISSES Petitioner's petition for writ of habeas corpus, Dkt. 1, as moot and without prejudice.

Dated this 25th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge